UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.     CASE NO. 8:15-cr-256-SDM-JSS

NATHAN ALEXANDER BRYAN,
_____/

**ORDER**

Nathan Alexander Bryan, who was sentenced to a life of imprisonment for attempted enticement of a minor to engage in illegal sexual acts and for production and attempted production of child pornography, reports a legal name change to "Corbin Joseph Bennett," appends a certified copy of an order of the Superior Court of Arizona granting the name change, and moves (Doc. 68) to amend the judgment to acknowledge Bryan's name change. Bryan cites no rule or law permitting a sentencing court to amend a judgment after more than seven years.

Rule 35, Federal Rules of Criminal Procedure, permits a district court to amend a judgment within fourteen days after sentencing. Rule 36 permits a district court to correct a clerical error in a judgment. But a defendant's reporting a legal name change more than seven years after the sentencing is not a "clerical error." United States v. Varner, 948 F.3d 250, 253–54 (5th Cir. 2020) (denying a defendant's request to amend a judgment based on a name change after six years because the "request to change the name on his judgment was an unauthorized motion that the district court lacked jurisdiction to entertain"). In any event, "an inmate is not entitled

to have documents that pre-dated his legal name change altered." United States v. Baker, 415 F.3d 1273, 1274 (11th Cir. 2005) (affirming the denial of a motion for "a new commitment order to reflect [a] legal name change"); *see also United States v. White*, 490 Fed. Appx. 979, 982 (10th Cir. 2012).

The motion (Doc. 68) to amend the judgment is **DENIED**. The motion (Doc. 72) for a ruling on the motion is **DENIED AS MOOT**. Regardless of any name change, if he is released, Bryan must comply with the judgment and the conditions of supervised release, including the condition that "[t]he defendant shall register with the state sexual offender registration agency in any state where the defendant resides, visits, is employed, carries on a vocation, or is a student, as directed by the probation officer."

ORDERED in Tampa, Florida, on February 26, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE